# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

**TYRONE FIELDS,**

    **Plaintiff,**

**vs.**                                                           **CASE NO. 5:09CV298-RS/AK**

**JAMES DEKLE, et al,**

    **Defendants.**

_____/

## O R D E R

Plaintiff has filed a civil rights complaint against over twenty defendants in the Florida Department of Corrections concerning the DOC's decision not to credit him with the years he was released in error and their allegedly unconstitutional acts in re-arresting him. (Doc. 1). Plaintiff is again released upon expiration of sentence and is living in Washington.

As an initial matter, Plaintiff has filed a motion for leave to proceed without prepayment of court costs, but the application is incomplete and unsigned. Before the case can proceed, the Court must determine whether Plaintiff is entitled to proceed in forma pauperis upon a complete and signed affidavit of financial status. Thus, the Clerk is herein directed to mail to Plaintiff another Motion and Affidavit, which he should complete, sign and return. Thus, the incomplete motion (doc. 2) is **DENIED**.

The Court has also reviewed his complaint and finds that it should be amended and that Plaintiff should clarify some matters crucial to the Court's consideration of the claims alleged.

Plaintiff's primary claim, that he was not credited for the years he was released in error, is confused by other claims which are not civil rights issues and should be deleted from an amended complaint. All the defendants associated with these claims should also be deleted. For example, Plaintiff's claims of verbal "assault" and defamation are not civil rights violations, and the number of persons whom he claims called him names and threatened him should be deleted from his amended complaint. See <u>Evans v. City of Zebulon</u>, 351 F.3d 485, 496 (11th Cir. 2003)(racial slurs do not create a cause of action under section 1983), vacated on other grounds; <u>Keenan v. Hall</u>, 83 F3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate the Eighth Amendment); <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong); <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in deprivation of protected liberty interest); <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5 Cir. 1997) (verbal abuse not cognizable under 1983); <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2d Cir. 1986) (same), *cert. denied*, 485 U.S. 982 (1988) (same). Thus, these claims and the persons against whom they are made should be deleted from an amended complaint.

Likewise, any claims Plaintiff is making against persons for not responding to his grievances or for not responding as he wanted them to, should be left out of an

**No. 5:09cv298-RS/AK**

amended complaint. Federal courts which have addressed the issue of whether defendants may be held liable for their participation or lack thereof in the grievance process have held that inmates are not constitutionally entitled to a grievance procedure, and therefore, the state creation of such a procedure does not give rise to a substantive constitutional right, particularly a liberty interest under the Due Process Clause.[1]  Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied* 514 U.S. 1022, 115 S. Ct. 1371, 131 L. Ed. 2d 227 (1995); Smith v. Corrections Corporation of America, 19 Fed. Appx. 318, 321 (6th Cir. 2001); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied* 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 213 (1988). Liability, therefore, cannot be predicated upon a claim that the defendants failed to process grievances, Buckley v. Barlow, 997, F.2d 494, 495 (8th Cir. 1993), or failed to process them effectively, LaFlame v. Montgomery County Sheriff's Department, 3 Fed. Appx. 346, 347 (6th Cir. 2001), or failed to process them timely, Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982).  *See also* Massey v. Helman, 259 F.3d 641 (7th Cir. 2001) (failure to provide grievance forms not a cognizable claim); Allen v. Wood, 970 F. Supp. 824, 832 (E.D. Wash. 1997) (improper processing not cognizable); Ainsworth v. Terhune, 2002 WL 1837806 (N.D. Cal.) (inordinate delay not a claim).

---

[1] An inmate cannot claim a due process violation unless he can show a deprivation of a protected liberty interest, and such interests are generally limited to (a) those actions that unexpectedly alter the inmates term of imprisonment, and (b) those actions that impose an atypical and significant hardship in relation to the ordinary incidents of prison life.  Sandin v. Connor, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995).  For an inmate to have a protectible interest, he must have a legitimate claim of entitlement to it.  Greenholtz v. Inmates of Nebraska Penal and Corrections Complex, 442 U. S. 1, 7, 99 S. Ct. 2100, 2104, 60 L. Ed. 2d 668 (1979).

**No. 5:09cv298-RS/AK**

Finally, Plaintiff should follow the directions in the form complaint and beside each defendant state his claim against that person and the facts supporting the claim. Exhibits should be referenced in the complaint, but attached to it and not interspersed throughout the pages. If Plaintiff's primary complaint is about being re-arrested and not given credit for time at liberty then he should name only those persons who made the decisions relative to his release, his re-arrest, or not to credit him with the time he was released. The correct defendant or defendants should have been identified in the state court proceedings in which Plaintiff was represented by counsel.

This is another issue that warrants some explanation. What happened in state court on these very claims? Papers attached to an earlier filed suit alleging the same claims, Case No. 5:09cv137, which Plaintiff voluntarily dismissed, show that he was re-released on March 27, 2009, upon expiration of sentence. (Doc. 1, Exhibits p. 24). This is contrary to other papers filed in this case that show his release date was May 17, 2015. (Doc. 1, Exhibits, p. 52). Thus, it appears at least in the papers before the Court that Plaintiff had a favorable result in the state court and was released. This is unclear and needs to be clarified, perhaps by attaching copies of any orders entered by the state court following the April 2009 hearing. Further, Plaintiff and the exhibits he has provided to the Court show that he was represented by counsel previously as he has challenged the sentence and re-arrest procedures through the state court system. He has now moved for appointment of counsel. (Doc. 3). Appointment of counsel in a 1983 suit is not a right, it is a privilege and is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to

**No. 5:09cv298-RS/AK**

require the assistance of a trained practitioner. <u>Fowler v. Jones</u>, 899 F.2d 1088 (11th Cir. 1990). He states in his motion that the firm is no longer able to represent him, but it is unclear when they ceased their representation. One of his attorneys was quoted in a newspaper article attached to the complaint dated April 5, 2009, stating that a hearing was scheduled and numerous state court appeals likely to follow that would take years before the case would end up in federal court. It is only seven months later and Plaintiff is now without counsel, no longer incarcerated, and filing in federal court. These matters need to be clarified before the Court can determine whether this matter should go forward and whether efforts should be made to appoint counsel. Thus, until an amended complaint is filed as directed and the issues regarding previous counsel are clarified, a ruling on the present motion for appointment (doc. 3) will be held in abeyance.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

**No. 5:09cv298-RS/AK**

1. The clerk of court shall forward to Plaintiff another Section 1983 complaint form for prisoners since his complaints arise from conditions of his confinement, but the Clerk shall forward a form motion and affidavit of financial status for non-prisoners since he is now released.

2. Plaintiff must respond to this order by **December 7, 2009.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

4. Plaintiff's Motion for leave to proceed (doc. 2) is **DENIED**.

5. The Court will hold in abeyance a ruling on the motion for appointment of counsel (doc. 3) until the amended complaint if filed and more is known about the status of his state court proceedings and representation by counsel in those proceedings.

**DONE AND ORDERED** this __10th__ day of November, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 5:09cv298-RS/AK**