IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TYRONE FIELDS,

    Plaintiff,

v.                                                                  CASE NO. 5:09-cv-00298-RS-AK

MARK BIRMINGHAM, et al,

    Defendants.

_____/

**O R D E R**

This matter is before me because of the Amended Complaint and a Motion for Leave to Proceed In Forma Pauperis (Docs. 8 and 9). Plaintiff may have been provided incorrect IFP papers by the court since he had been released from prison when he filed this lawsuit and should not be completing a motion for IFP for prisoners. Nonetheless, I must have his financial information to determine if he can proceed without prepayment of court costs. The Clerk is directed to send Plaintiff the motion and affidavit of financial status for non-prisoners, which he shall complete and return.

I have again reviewed the proposed pleading and it is necessary for Plaintiff to file a second amended complaint if he wishes his pleading to be served. Plaintiff is seeking damages for the time served after he was re-arrested in 2007. As he was instructed in an earlier order, Plaintiff should review any papers he has from the state court proceedings to determine who was responsible for the decisions of which he complains and name those persons in this lawsuit. According to papers attached to the Amended Complaint, his earlier lawsuits were brought against the Secretary of the FDOC for decisions that he would not be credited for time at liberty

because of his erroneous release from custody in 1999.

Plaintiff did not follow instructions and list each defendant and state his specific claims against each defendant, so it is difficult to discern whom he claims is responsible for the decision. It appears that he has named as defendants the person who signed the warrant for his arrest, the "supervisor" at Lake Butler Reception Center where he was initially brought, and the Warden at his last place of confinement, Gulf CI. Unless Plaintiff has information to the contrary, these persons are not likely to have made the decision to deny him credit for his years at liberty.

Finally, Plaintiff objects to the decision to arrest him and to deny him credit for the years at liberty, which should have been raised on appeal in state court. Federal courts do not sit as super appellate courts to review state court decisions. According to the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgements of a state court in judicial proceedings. Powell v. Powell, 80 F.3d 464 (11th Cir. 1996). The doctrine has two statutory bases: (1) 28 U.S.C. §1257, which limits federal review of state court proceedings to the United States Supreme Court; and (2) 28 U.S.C. §1331, which limits original jurisdiction in federal court to "civil actions arising under the Constitution, laws or treaties of the United States." *Id.*, at 466. The doctrine applies not only to claims actually raised in the state court proceedings, but claims that are "inexplicably intertwined" with the state court judgment. *Id.*, *citing* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983). Plaintiff has attached only partial copies of the state court decisions in his case, making it impossible to determine the final outcome of these proceedings or when they were concluded. There is statutory authority for "retaking the offender into custody until he or she has served the

remainder of the sentence" when an offender has been released in error, Fla. Stat. §944.405(1), and Fl. Admin. Code §33-601.604, which provides: "credit will not be applied if it is determined that the inmate was aware of the error and made no attempt to notify the releasing authority." See also Gaines v. Florida Parole Comm'n, 962 So. 2d 1040, 1042-43 (Fla. 1st DCA 2007). It also appears that the state court addressed whether due process was afforded him, but again because only partial copies of these papers were provided it is impossible to determine conclusively what the nature and outcome of these proceedings were.

Insofar as Plaintiff claims he is entitled to damages, he must identify what federal or constitutional claims would entitle him to this relief. Plaintiff claims he was denied due process, but he must clarify what he means by this and which defendant is responsible for this denial. He also names a number of state law issues: kidnapping, intentional infliction of emotional distress, arrest and mirinda [sic] rights, conspiracy, abuse of process, refusing to prevent or neglect, and malicious prosecution. At best, these "claims" are state court issues which will not be decided in this court absent some viable federal claim. See Raney v. Allstate Insurance Co., 370 F.3d 1086,1088-1089 (11th Cir. 2004) (district courts are "encouraged" to decline supplemental jurisdiction when all federal claims are dismissed prior to trial); Brunskill v. Boyd, 2005 WL 1208632 (11th Cir. 2005) (district court properly dismissed prisoner's state law claims after dismissing all federal claims for failure to exhaust administrative remedies).

Plaintiff is reminded that to amend his complaint, he must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous

complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and retain one identical copy. Plaintiff should not file service copies until instructed to do so by the court.

**IT IS ORDERED:**

1. The Clerk shall mail to Plaintiff a motion and affidavit of expenses for non-prisoners with a form complaint for civil rights violations in prisoner cases which he shall complete and return on or before April 23, 2010.

2. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 9) is **denied**.

**ORDERED** on April 7, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**